**KELLY CLARK, OSB #83172**
E-Mail: kellyc@oandc.com
**KRISTIAN ROGGENDORF, OSB #01399**
E-Mail: ksr@oandc.com
**PETER B. JANCI, OSB #07424**
O'Donnell Clark & Crew LLP
Fremont Place II, Suite 302
1650 NW Naito Parkway
Portland, OR 97209
Phone: (503) 306-0224
Fax: (503) 306-0257

Of Attorneys for Plaintiff Tom Doe

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TOM DOE, an individual proceeding under a pseudonym,<br><br>Plaintiff,<br><br>v.<br><br>CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a foreign corporation sole registered to do business in the State of Oregon; CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND SUCCESSORS, a foreign corporation sole registered to do business in the State of Oregon; THE BOY SCOUTS OF AMERICA, a congressionally chartered corporation, authorized to do business in Oregon; and ORE–IDA COUNCIL, INC., BOY SCOUTS OF AMERICA, an Idaho non-profit corporation doing business in Oregon,<br><br>Defendants | Case No.: 2:08-cv-371-SU<br><br>**FIRST AMENDED COMPLAINT**<br>(Sexual Abuse of a Child/Respondeat Superior; Intentional Infliction of Emotional Distress/Respondeat Superior; Negligence—Institution Wide; Fraud—by Omission)<br><br><br>**JURY TRIAL DEMANDED**<br><br>**Not Subject to Mandatory Arbitration** |

Plaintiff alleges:

**FIRST AMENDED COMPLAINT**

O'DONNELL CLARK & CREW LLP

FREMONT PLACE II, Suite 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224 FAX: (503) 306-0257

(Common Allegations)

1.

Plaintiff Tom Doe is an adult male born in the year 1954, who at all times relevant to this complaint was an unemancipated minor child who attended religious services, received spiritual instruction and direction, or participated in the activities promoted or sponsored by Defendants or agents of the Defendants.

2.

At all times relevant to this complaint, the Corporation of the President of the Church of Jesus Christ of Latter-day Saints and Successors, was a foreign religious corporation sole of the Church of Jesus Christ of Latter Day Saints operating in Oregon. At all times relevant to this complaint, the Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-day Saints, was a foreign religious corporation sole of the LDS Church operating in Oregon. The Corporation of the President and Corporation of the Presiding Bishop will be referred to collectively hereinafter as "LDS Church." As part of the LDS Church's religious mission, it authorized and selected Youth Leaders to educate and minister to LDS families, including their children, in the congregation known as the "Nampa 2nd Ward." As part of their ministry, the leaders of the Nampa 2nd Ward—agents of Defendant LDS Church—selected or ratified the selection of Youth Leaders to educate and minister to LDS families, including their children. All Church of Jesus Christ of Latter Day Saints Defendants will be referred to hereinafter collectively as "LDS Defendants."

3.

At all times relevant to this complaint, Defendant Boy Scouts of America, was a congressionally chartered corporation authorized to do business in Oregon and Idaho. At all times relevant to this complaint, Defendant Ore–Ida Council, Boy Scouts of America was an Idaho non-profit corporation doing business in Oregon. These Defendants will be referred to

**FIRST AMENDED COMPLAINT**

O'DONNELL CLARK & CREW LLP

FREMONT PLACE II, Suite 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224 FAX: (503) 306-0257

hereinafter collectively as "Boy Scout Defendants." At all times relevant to this complaint, Boy Scout Defendants operated various programs for boys, including Plaintiff in this case, and selected adults to serve as Scout Leaders. Boy Scout and LDS Defendants jointly operated a Boy Scout troop for the benefit of the Nampa 2nd Ward, known as Troop 101.

4.

At all times relevant to this complaint, Larren Arnold (hereinafter "Arnold") was a Youth Leader and Boy Scout leader selected by LDS Defendants to educate and minister to to LDS families and their children, including Plaintiff in this case. At all times relevant to this complaint, Arnold also served as a volunteer Scout Leader or in a similar capacity, selected or accepted by Boy Scout Defendants to educate and train young boys, including Plaintiff, in morality, patriotism, and various life skills.

## FIRST CLAIM FOR RELIEF
Against All Defendants
(Sexual Abuse of a Child/*Respondeat Superior*)

5.

Plaintiff realleges and incorporates by reference paragraphs 1 through 4, above.

6.

Defendants empowered Arnold to perform all duties of a Youth Leader and Scout Leader, including educational and tutorial services, counseling, spiritual and moral guidance, religious instruction, and other duties. Defendants knew that as part of his duties as a Youth Leader and Scout Leader, Arnold would be in a position of trust and confidence with LDS members and their children, including the Plaintiff in this case.

7.

Arnold had authority from Defendants to spend time alone with youth, including, at his discretion, trips across the Idaho line into Oregon. While serving the Nampa 2nd Ward, and for

**FIRST AMENDED COMPLAINT**

O'DONNELL CLARK & CREW LLP

FREMONT PLACE II, Suite 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224 FAX: (503) 306-0257

the purpose of furthering his assigned duties as a Youth Leader and Scout Leader in Troop 101,
Arnold identified Plaintiff's family as one with young boy; befriended the Plaintiff, and his
family, and gained the family's trust and confidence as an educational and spiritual guide and as
a valuable and trustworthy mentor to Plaintiff; gained the permission, acquiescence, and support
of Plaintiff's family to spend substantial periods of time alone with Tom Doe; and sought and
gained the instruction of Plaintiff's parents to Tom Doe that he was to have respect for Arnold's
authority and to comply with Arnold's instruction and requests.

8.

For the purpose of furthering his duties as a Youth Leader and Scout Leader, Arnold also
sought and gained the trust, friendship, admiration and obedience of Plaintiff.  As a result,
Plaintiff was conditioned to trust Arnold, to comply with Arnold's direction, and to respect
Arnold as a person of authority in spiritual, moral and ethical matters.  The above course of
conduct described in this paragraph and in paragraph 7, above, is hereinafter collectively referred
to as "Grooming."

9.

Arnold, while acting within the course and scope of his employment and agency, and
using the authority and position of trust as a Youth Leader and Scout Leader for the
Defendants—through the Grooming process—induced and directed Plaintiff Tom Doe to engage
in various sexual acts with Arnold.  These acts constituted a harmful or offensive touching of
Plaintiff Tom Doe.

10.

Arnold, an adult, engaged in intentional conduct resulting in physical injury, mental
injury, rape, sexual abuse, and sexual exploitation of Plaintiff as those terms are used in ORS
12.117.  Specifically, Arnold sexually abused and molested Plaintiff for three years, from 1967
through approximately 1970, including instances of fondling, as well as instances of oral sex, all
while Arnold was serving the LDS and Boy Scout Defendants.  These instances of sexual abuse

**FIRST AMENDED COMPLAINT**

O'DONNELL CLARK & CREW LLP

FREMONT PLACE II, Suite 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224 FAX: (503) 306-0257

and molestation occurred on numerous occasions, at least two of which took place in the state of Oregon.

11.

Arnold used the Grooming process to accomplish his acts of sexual molestation of the Plaintiff. Arnold's Grooming was (1) committed in direct connection and for the purposes of fulfilling Arnold's employment and agency with the LDS and Boy Scout Defendants; (2) committed within the time and space limits of his agency as Youth Leader and Scout Leader; (3) done initially and at least in part from a desire to serve the interests of LDS and Boy Scout Defendants; (4) done directly in the performance of his duties as Youth Leader and Scout Leader; (5) consisted generally of actions of a kind and nature which Arnold was required to perform as a Youth Leader and Scout Leader; and (6) was done at the direction of, and pursuant to, the power vested in him by the LDS and Boy Scout Defendants, and/or was approved of or ratified by LDS and Boy Scout Defendants.

12.

As a result of Arnold's sexual abuse, molestation, and breach of authority, trust and position as Youth Leader and Scout Leader and authority figure to Tom Doe, Plaintiff has suffered and continues to suffer severe debilitating physical, mental, and emotional injury, including pain and suffering, physical and emotional trauma, and permanent psychological damage, all to his non-economic damages in the amount of $5,000,000.00.

13.

As an additional result and consequence of Arnold's sexual abuse, molestation, breach of authority, trust and position as Youth Leader and authority figure to Tom Doe, Plaintiff has incurred and/or will incur in the future, costs for counseling, psychiatric and psychological medical treatment all to his economic damages in the approximate amount of $100,000.00, the exact amount of which will be proven at the time of trial.

**FIRST AMENDED COMPLAINT**

O'DONNELL CLARK & CREW LLP

FREMONT PLACE II, Suite 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224 FAX: (503) 306-0257

14.

In 2007, Plaintiff discovered the causal connection between his abuse set forth in
paragraph 9 and 10 above, and the injuries suffered in paragraphs 12 and 13 above.  Prior to
2007, Plaintiff did not discover, and could not reasonably have discovered, the causal connection
between the abuse and the damages he suffered as a result of the abuse, because of the
consequences of his abuse, sometimes known as PTSD, or child abuse syndrome, or
compartmentalization, or denial.  Additionally, Defendants should be estopped from asserting a
statute of limitations defense because each defendant has concealed its institutional child abuse
problem for the purpose and with the result of preventing abuse survivors from understanding
their own abuse and the Defendants' role in it, and thereby from filing suit.

## SECOND CLAIM FOR RELIEF
Against All Defendants
(Intentional Infliction of Emotional Distress/*Respondeat Superior*)

15.

Plaintiff realleges and incorporates by reference paragraphs 1 through 14, above.

16.

Arnold, while engaging in the Grooming process described in paragraph 7 and 8, above,
knowingly and intentionally caused severe emotional distress to Plaintiff when he sexually
battered and abused Plaintiff as described in paragraphs 9 and 10, above.  Plaintiff did in fact
suffer severe emotional distress as a result of this sexual contact.  The sexual touching of a child
by a trusted authority figure is beyond the bounds of all socially tolerable conduct.

17.

Arnold used the Grooming process to intentionally inflict severe emotional distress
through the sexual abuse of Plaintiff.  Arnold's Grooming was (1) committed in direct
connection and for the purposes of fulfilling  Arnold's employment and agency with the LDS and
Boy Scout Defendants; (2) committed within the time and space limits of his agency as Youth

Page 6    **FIRST AMENDED COMPLAINT**

O'DONNELL CLARK & CREW LLP

FREMONT PLACE II, Suite 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224 FAX: (503) 306-0257

Leader and Scout Leader; (3) done initially and at least in part from a desire to serve the interests of LDS and Boy Scout Defendants; (4) done directly in the performance of his duties as Youth Leader and Scout Leader; (5) consisted generally of actions of a kind and nature which Arnold was required to perform as a Youth Leader and Scout Leader; and (6) was done at the direction of, and pursuant to, the power vested in him by the LDS and Boy Scout Defendants, and/or was approved of or ratified by LDS and Boy Scout Defendants.

18.

As a result of Arnold's intentional infliction of emotional distress on Plaintiff and his breach of authority, trust and positions as a leader and authority figure to the Plaintiff, Plaintiff has suffered permanent and lasting damages as detailed in paragraphs 12 and 13, above.

### THIRD CLAIM FOR RELIEF
Against All Defendants
(Negligence— Institution-Wide)

19.

Plaintiff realleges and incorporates by reference paragraphs 1 through 18 above.

20.

From at least the 1960's, if not earlier, LDS and Boy Scout Defendants knew that assignments as Scout Leaders and Youth Leaders were being used by pedophiles to victimize children and that Defendants had institution-wide child abuse problems. In particular, Boy Scout Defendants knew that they were being forced to remove leaders at a rate of up to one every three days for sexual improprieties with children. Despite this knowledge, Boy Scout Defendants and LDS Defendants did not implement adequate child sex abuse policies.

21.

This institutional failure by the LDS Defendants and Boy Scouts Defendants was a substantial contributing factor to the abuse of Plaintiff. LDS Defendants' and Boy Scouts Defendants' failure to implement adequate child abuse policies created a foreseeable risk of harm

O'DONNELL CLARK & CREW LLP

FREMONT PLACE II, Suite 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224 FAX: (503) 306-0257

to the safety of children in the care of the LDS Defendants and Boy Scouts Defendants, including

Plaintiff in this case.

22.

As a direct and foreseeable consequence of Defendants' negligence as described above,

Plaintiff suffered damages as described in paragraphs 12 and 13, above.

23.

Pursuant to ORS § 31.725, Plaintiff hereby gives notice to Defendants of his intent to

move for punitive damages against the Defendants at any time after the filing of this complaint,

on the grounds that Defendants and their agents acted with malice, or showed reckless and

outrageous indifference to a highly unreasonable risk of harm, and acted with conscious

indifference to the health, safety, and welfare of others, including Plaintiff.

### FOURTH CLAIM FOR RELIEF
Against All Defendant
*Fraud—by Omission*

24.

Plaintiff reallages and incorporates by reference paragraphs 1 thru 23 above.

25.

At all times relevant to this complaint, LDS Defendants and Boy Scouts Defendants held

themselves out to the public, including this Plaintiff and his family, as providing safe, healthy,

and trustworthy environments for children.  Defendants had a duty to disclose known threats to

the health and safety of the children entrusted to their care.

26.

LDS Defendants and Boy Scouts Defendants knew by at least the 1960's that their

respective institutions had serious, wide-spread problems with its volunteers and leaders

engaging in inappropriate sexual contact with children.  In particular, Boy Scouts Defendants

knew that they were being forced to remove leaders at a rate of up to one every three days for

**FIRST AMENDED COMPLAINT**

O'DONNELL CLARK & CREW LLP

FREMONT PLACE II, Suite 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224 FAX: (503) 306-0257

sexual improprieties with children. On information and belief, LDS Defendants, due to their close working relationship and agency with Boy Scout Defendants, had knowledge of this epidemic as well. This knowledge constituted a material fact because Plaintiff and/or his parents would not have entered into a trust relationship with the Defendants and their agents had they been aware of this fact.

27.

Defendants misrepresented and failed to disclose, and/or actively concealed the facts of the Defendants' institutional problems with sexual abuse of children by its agents (the "Omissions").

28.

The Defendants knew that the Omissions were false representations or made the Omissions with reckless disregard for the truth. Defendants made the Omissions with the intent of inducing Plaintiff (and children similarly situated), Plaintiff's parents (and parents similarly situated), and the community at large to rely on the Omissions and thereby to trust the Defendants as though they were providing a safe environment for children and/or to refrain from acting against Defendants as providing an unsafe environments for children.

29.

Plaintiff and his parents relied on the Omissions in allowing Plaintiff to engage in a trust relationship with the Defendants and their agents. Plaintiff and his parent's reliance was justified because they did not know, nor could they have known prior to Plaintiff's abuse, that the Defendants' institutions had serious, wide-spread problems with their agents engaging in inappropriate sexual contact with children.

30.

Plaintiff was injured by his reliance upon Defendants' misrepresentations in the manner described in paragraphs 12 and 13, above.

**FIRST AMENDED COMPLAINT**

O'DONNELL CLARK & CREW LLP

FREMONT PLACE II, Suite 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224 FAX: (503) 306-0257

31.

## POTENTIAL CLAIM FOR PUNITIVE DAMAGES

Pursuant to ORS § 31.725, Plaintiff hereby gives notice of his intent to move to add a claim for punitive damages against the Defendants, at any time after the filing of this complaint, on the grounds that Defendants and their agents acted with malice, or showed reckless and outrageous indifference to a highly unreasonable risk of harm, and acted with conscious indifference to the health, safety, and welfare of others, including Plaintiff.

**WHEREFORE,** Plaintiff pray for judgment against Defendants, and each of them, as follows:

1.    Non-economic damages for Plaintiff in the amount of $5,000,000.00, the exact amount to be determined by the jury at the time of trial;

2.    Economic damages for Plaintiff in the amount of $100,000.00, the exact amount to be determined by the jury at the time of trial;

3.    For Plaintiff's costs and disbursements incurred; and

5.    For any other relief this Court deems just and equitable.

DATED this 5th day of May, 2008.

O'DONNELL CLARK & CREW LLP

/s/ *Peter B. Janci*
Kelly Clark, OSB #83172
Kristian Roggendorf, OSB #01399
Peter B. Janci, OSB #07424
Tel: 503-306-0224
*Of Attorneys for Plaintiffs*

O'DONNELL CLARK & CREW LLP

FREMONT PLACE II, Suite 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224 FAX: (503) 306-0257

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing FIRST AMENDED COMPLAINT upon:

Stephen F. English
David A. Ernst
BULLIVANT HOUSER BAILEY PC
300 Pioneer Tower
888 SW 5th Ave.
Portland, OR 97204-2089

*Of Attorneys for LDS Defendants*


Seann Colgan
CORR CRONIN, ET AL., LLP
1001 4th Ave., Suite 3900
Seattle, WA 98154-1051

*Of Attorneys for Defendant Boy Scouts of America*


Stephen R. Thomas
Paul D. McFarlane
MOFFATT, THOMAS, ET AL., CHARTERED
101 S. Capitol Blvd., 10th Floor
PO Box 829
Boise, ID 83701

*Of Attorneys for Defendant Ore-Ida Council, Inc.*


by ECF on May 5th, 2008.

                                    O'DONNELL & CLARK LLP

                                    /s/ *Peter B. Janci*
                                    Kelly Clark, OSB #83172
                                    Kristian Roggendorf, OSB #01399
                                    Peter B. Janci, OSB #074249
                                    Of Attorneys for Plaintiff

O'DONNELL CLARK & CREW LLP

FREMONT PLACE II, Suite 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224 FAX: (503) 306-0257