IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TOM DOE, an individual proceeding under a pseudonym, | 08-CV-371-SU |
| | ORDER |
| Plaintiff, | |
| v. | |
| CORPORATION OF THE ASSOCIATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS; CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND SUCCESSORS; BOY SCOUTS OF AMERICA; and ORE-IDA COUNCIL, INC., BOY SCOUTS OF AMERICA, | |
| Defendants. | |

**BROWN, Judge.**

Magistrate Judge Patricia Sullivan issued Findings and Recommendation (#68) on April 6, 2009, in which she recommended the Court grant Defendants' Motion to Transfer Venue (#27). Plaintiff filed timely Objections to the Findings and

1- ORDER

Recommendation to transfer venue. The Magistrate Judge also concluded diversity jurisdiction was proper, but neither party objects to that conclusion.

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*); *United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988).

## **STANDARDS**

Transfers of venue between the federal courts is governed by 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

"This statute partially displaces the common law doctrine of *forum non conveniens*. Nonetheless, *forum non conveniens* considerations are helpful in deciding a § 1404 transfer motion." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)(citations omitted).

When deciding a motion to transfer venue, a court "must

2- ORDER

balance the preference accorded the plaintiff's choice of forum with the burden of litigating in an inconvenient forum." *Id.* *See also Creative Tech., Ltd. v. Aztech Sys.*, 61 F.3d 696, 703 (9th Cir. 1995)(notes the "strong presumption" in favor of a plaintiff's choice of forum). The defendant has the burden to "make a strong showing of inconvenience" to upset the plaintiff's choice of forum. *Id.*

The court must weigh relevant private and public factors when considering a motion to transfer.

**I.  Private factors.**

The private-interest factors the court must consider include:

> (1) relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling witnesses, and cost of obtaining willing witnesses; (3) possibility of viewing subject premises; [and] (4) all other factors that render trial of the case expeditious and inexpensive.

*Id.*

**II.  Public factors.**

The public-interest factors the court must consider include:

> (1) administrative difficulties flowing from court congestion; (2) imposition of jury duty on the people of a community that has no relation to the litigation; (3) local interest in having localized controversies decided at home; (4) the interest in having a diversity case tried in a forum familiar with the law that governs the action; [and] (5) the avoidance of unnecessary problems in

3- ORDER

conflicts of law.

*Id*. at 703-04.

## DISCUSSION

Plaintiff brings this action against Defendants for sexual abuse of a child under a theory of *respondeat superior*, intentional infliction of emotional distress under a theory of *respondeat superior*, institution-wide negligence, and fraud by omission.

Plaintiff contends the Magistrate Judge erred by (1) improperly giving Plaintiff's choice of forum less weight, (2) improperly applying the private factors, and (3) improperly applying the public factors.

### I.  Plaintiff's choice of forum.

Plaintiff contends the Magistrate Judge erred by improperly placing the burden of proof on Plaintiff to show his chosen forum of Vale, Oregon, or Pendleton, Oregon, would be more convenient because the Magistrate Judge gave less weight to Plaintiff's choice of forum on the grounds that most of the operative facts did not occur in Oregon.

Motions to transfer venue under § 1404(a) require a lesser showing than previously required under the doctrine of *forum non conveniens*. *Brown v. Or. Dep't of Corrections*, 969 F. Supp. 1243, 1245 (D. Or. 1997)(citing *Norwood*, 349 U.S. at 32).  In

4- ORDER

addition, even though a plaintiff's choice of forum is generally accorded substantial weight, "[i]f the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter," a plaintiff's choice of forum 'is entitled only minimal consideration.' *DeFazio v. Hollister Employee Share Ownership Trust*, 406 F. Supp. 2d 1085, 1088 (E.D. Cal. 2005)(citing *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987)).

Here the Magistrate Judge found the record reflects most of the operative facts in this matter occurred outside of Oregon. In fact, the parties agree Plaintiff was a resident of Idaho at the time the alleged abuse took place, and the alleged abuser, Larren Arnold, was a Youth Leader and a Boy Scout Leader for Troop 101 located in Idaho.

In his Complaint, Plaintiff alleges Arnold engaged in a course of conduct known as "grooming" that was designed to "condition" Plaintiff to comply with Arnold's directions. Plaintiff also alleges in his Complaint that, as a result of "grooming," Arnold was able to sexually abuse Plaintiff numerous times from 1967 though approximately 1970. In his Objections, Plaintiff advances the same argument he made before the Magistrate Judge; that is, that two of these incidents of abuse took place in Oregon. As noted, however, the Magistrate Judge found most of the operative facts in this matter, particularly

5- ORDER

the "grooming" process, took place in Idaho, and, therefore, the Magistrate Judge appropriately gave less weight to Plaintiff's choice of forum.

**II. Magistrate Judge's Analysis.**

    **A. Private factors.**

Plaintiff objects to the Magistrate Judge's finding that the private factors weigh in favor of transfer. Specifically, Plaintiff objects to the Magistrate Judge's findings as to (1) access of proof, (2) availability of compulsory process, and (3) convenience to the parties.

        **1. Access to proof.**

Plaintiff objects to the Magistrate Judge's finding that this factor weighs in favor of transfer because most of the witnesses are located in Idaho. Specifically, Plaintiff asserts the Magistrate Judge improperly focused on the number of witnesses in Idaho rather than the importance of their testimony.

The record reflects all of Defendants' witnesses are located in Idaho with the exception of Arnold, who resides in Arizona. Defendants' witnesses include Boy Scout leaders who served with Arnold, Arnold's family members, and members of Plaintiff's family, all of whom live in Idaho and who could provide important testimony about what occurred during the period at issue. Although Plaintiff's witnesses, his wife and his therapist, are located in Portland, Plaintiff does not assert

6- ORDER

having the litigation take place in Boise, Idaho, would be more expensive or burdensome than having it take place in either Vale, Oregon, or Pendleton, Oregon, both of which are also more than 200 miles from Portland. Accordingly, the Magistrate Judge appropriately found this factor weighed in favor of transfer.

After reviewing the pertinent portions of the record *de novo* and Plaintiff's Objections, the Court does not find any error in the Magistrate Judge's findings on this issue.

**2.   Compulsory process.**

Plaintiff does not object to the Magistrate Judge's finding that this factor weighs equally in favor of either venue. Plaintiff, however, argues that a factor not affirmatively weighing in favor of transfer should weigh in favor of denying transfer because of the deference that is generally given to Plaintiff's choice of forum.

Federal Rule of Civil Procedure 45(b)(2) provides in pertinent part:  "[A] subpoena may be served at any place . . . outside that district but within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection . . . ."  Pendleton, where the case is currently pending, is more than 100 miles from Nampa, Idaho, where most of Defendants' witnesses are located. Accordingly, most of Defendants' witnesses would not be subject to compulsory process if this matter proceeds in Pendleton, Oregon. The Magistrate

Judge, however, concluded the case could be tried in Vale, Oregon, where the action was originally filed in state court even though the matter is currently pending in Pendleton because Defendants removed it to federal court. The Magistrate Judge, therefore, correctly found this factor would not favor either Idaho or Vale, Oregon, because Vale is within 100 miles of Nampa. Accordingly, even though the Magistrate Judge was not required to give deference to Plaintiff's choice of forum, she, in effect, did so when she noted the matter could be tried in Vale.

After reviewing the pertinent portions of the record *de novo* and Plaintiff's Objections, the Court does not find any error in the Magistrate Judge's findings on this issue.

**3.    Convenience to the parties.**

Plaintiff also objects to the Magistrate Judge's finding that this factor weighs in favor of transfer because the Idaho Defendants would be required to retain Oregon counsel if venue were retained in Oregon; Defendants' Oregon counsel would be required to travel to Idaho to depose Defendants' witnesses and to gather evidence; and both parties would be required to transport their witnesses to Pendleton, Oregon, for trial.

Plaintiff, however, argues the Magistrate Judge impermissibly shifted the inconvenience from Defendants to Plaintiff. *See Gherebi v. Bush*, 352 F.3d 1278, 1303 (9th Cir. 2003)(transfer of venue should not shift the inconvenience to the

8- ORDER

resisting party). As noted, the record reflects all but one of Defendants' witnesses are located in Idaho and Plaintiff and his witnesses are located in Portland. In addition to the practical matter of Defendants having to hire Oregon counsel who would have to travel to Idaho to prepare their case, the Magistrate Judge concluded both parties would be required to transport their witnesses a considerable distance (from Idaho and Portland) if this Court retained venue in Pendleton. If the matter were transferred to Idaho, however, the Magistrate Judge reasoned Defendants would be spared the cost of transferring almost all of their witnesses.

     The Court, however, notes one Defendant has Oregon counsel, one Defendant has Washington counsel, and one Defendant has Idaho counsel. Thus, one or more of the Defendants will need to address their choice of counsel and the potential to associate local counsel in either Oregon or Idaho. The same is true for Plaintiff's Oregon counsel who will have to associate Idaho counsel or otherwise qualify to appear in the Idaho District Court.

     To the extent the Magistrate Judge deferred to the inconvenience to counsel for Defendants in evaluating this "private" factor, the Court concludes such deference would be erroneous. Even considering this factor as weighing against a transfer of venue, however, the balance still favors a change of

9- ORDER

venue.  Accordingly, the Magistrate Judge's potential error in balancing this factor does not affect the correctness of her analysis as to the remaining factors.

**B.   Public factors.**

In addition, Plaintiff objects to the Magistrate Judge's finding that the public factors weigh in favor of transfer. Specifically, Plaintiff objects to the Magistrate Judge's findings as to (1) the interest in having localized controversies decided at home and (2) the interest in having a diversity case tried in a forum familiar with the law that governs the action.

**1.   Local interest.**

Plaintiff objects to the Magistrate Judge's finding that this factor weighs in favor of transfer on the ground that Idaho's interests and relation to the litigation are more substantial than those of Oregon.

As noted, the record reflects the relationship between Plaintiff and Arnold took place mainly in Idaho, particularly the "grooming" process, and Plaintiff and his family resided in Idaho at the time the abuse took place.  In addition, the alleged efforts on the part of Defendants to conceal the abuse occurred in Idaho.  Thus, even though Plaintiff alleges in his Complaint that two instances of abuse occurred in Oregon, the Magistrate Judge correctly concluded Idaho has a more significant interest and relationship with this case.

10- ORDER

After reviewing the pertinent portions of the record *de novo* and Plaintiff's Objections, the Court does not find any error in the Magistrate Judge's findings on this issue.

**2.   Governing law.**

Plaintiff objects to the Magistrate Judge's finding that this factor also weighs in favor of transfer because Idaho law would most likely apply and venue should rest with the forum familiar with the law that governs the action. *Creative Tech.*, 61 F.3d at 703.

When a federal court sitting in diversity hears state-law claims, the conflicts law of the forum state is used to determine which state's substantive law applies. *Mail Boxes Etc., USA, Inc. v. Considine*, 229 F.3d 1158, 1158 (9th Cir. 2000)(citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 661 (9th Cir. 1999)). Under Oregon conflict-of-law rules, the Court must determine as a threshold issue whether there is a material difference between Oregon substantive law and the law of the other forum. *Waller v. Auto-Owners Ins. Co.*, 174 Or. App. 471, 475 (2001). It is incumbent on the parties to identify material differences in the applicable law of Oregon and the other forum. *Id*. If there is not any material difference, the court applies Oregon law. *Angelini v. Delaney*, 156 Or. App. 293, 300 (1998). Oregon applies the "most significant relationship approach of the *Restatement (Second) of Conflict of Laws* (1971) to tort claims."

11- ORDER

*Spirit Partners, LP v. Stoel Rives, LLP*, 212 Or. App. 295, 304 (2007)(quotation marks omitted).  This approach requires the court "to consider which state has the most significant relationship to the parties and to the transaction, and to determine whether the interests of Oregon are so important that we should not apply another state's law, despite its significant connection with the transaction."  *Id*. (quotation omitted).

　　　　For purposes of deciding the pending Motion, the Magistrate Judge assumed the laws of the two jurisdictions differed and, therefore, analyzed Oregon's choice-of-law principles to determine which state has the most substantial interest in having its law applied and which state has the more significant relationship with the case.  The Magistrate Judge concluded Idaho has the most significant relationship and interest in the matter because most of the operative facts of the matter occurred in Idaho, and, comparatively, the parties had only minimal contacts with Oregon.

　　　　After reviewing the pertinent portions of the record *de novo* and Plaintiff's Objections, the Court does not find any error in the Magistrate Judge's findings on this issue.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge Sullivan's Findings and Recommendation (#68) and, accordingly, **GRANTS** Defendants' Motion

12- ORDER

to Transfer Venue (#27).

IT IS SO ORDERED.

DATED this 9th day of July, 2009.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

13- ORDER